IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| ELIZABETH SCARFF,<br><br>    **Plaintiff,**<br><br>v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    **Defendant.** | CIVIL ACTION NO.: 5:21CV75<br>(BAILEY) |

# **REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and LR Civ P 9.02 regarding Social Security Cases, this action to review the final decision of the Commissioner of Social Security has been referred to the Magistrate Judge for review, and report and recommendations.

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 2]. In the Application, Plaintiff states that she receives $2,913.84 per month in retirement benefits. Her husband receives $2,818.54 in retirement and disability benefits. They expect to receive the same amounts next month as well. They currently own their home outright, which is valued at $200,000.00. They have $59,002.30 in their checking and savings accounts. Their combined monthly expenses are $2,458.18. ECF No. 2.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*,

461 F.2d 649, 651 (7th Cir. 1972). The Court in *Carter v. Telectron, Inc.*, 452 F.Supp. 939 (S.D. Tex. 1976) set forth three questions to be used to determine whether a person should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915: (1) whether the litigant is barred from the federal courts by the reason of his "impecunity"; (2) whether the litigant's access to the courts is blocked by the imposition of an undue hardship; and (3) whether the litigant is forced to contribute his last dollar, or render himself destitute, to prosecute his claim. *Id.* at 943. *See also Abbot v. Commissioner of Social Security*, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010).

In the instant case, a review of Plaintiff's IFP application reveals that her and her spouse's monthly income exceeds their monthly expenses. Additionally, Plaintiff is in possession of valuable assets, including her home, which is valued at $200,000.00. Finally, Plaintiff and her husband have approximately $59,000.00 in cash. These financial considerations demonstrate that Plaintiff's access to the courts would not be blocked if she were to pay the filing fee for the instant matter. Additionally, Plaintiff's IFP application does not support the conclusion that the filing fee is an undue hardship or that she would render herself destitute by filing the same in order to prosecute her claim. Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS that Plaintiff's Application to Proceed In Forma Pauperis [ECF No. 2] be DENIED.**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.**

**A copy of such objections should also be submitted to the United States District Judge assigned to this matter. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1);** *Wright v. Collins*, **766 F.2d 841, 845-48 (4th Cir. 1985);** *United States v. Schronce*, **727 F.2d 91, 94 (4th Cir. 1984),** *cert. denied*, **467 U.S. 1208 (1984);** *see also Thomas v. Arn*, **474 U.S. 140, 155 (1985).**

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: 5/19/2021

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE